UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE VAN SKIKE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA, et al.,<br><br>Defendants. | Case No. 22-cv-03222-JSC<br><br>**SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. Nos. 1, 3 |

Plaintiff Christine Van Skike, who is proceeding without an attorney, filed this action against the City of Santa Rosa, Police Chief Rainer Navarro, City Manager Maraskeshia Smith, and "Officer M.P. #497." The Court granted Plaintiff's application to proceed *in forma pauperis*. (Dkt. No. 7.) The Court now reviews the complaint's allegations under 28 U.S.C. § 1915.

## COMPLAINT ALLEGATIONS

At some point, the City of Santa Rosa took Plaintiff's trailer and car, which put her "back on the streets." (Dkt. No. 1 at 5.) Now, Plaintiff resides at 2384 Old Stony Point Road in Santa Rosa, California. (Dkt. No. 1-1 ¶ 1.) Plaintiff lives in a "shack" where "the property owner is allowing [her] to stay." (Dkt. No. 1 at 5.) The Santa Rosa Police Department gave Plaintiff a misdemeanor citation for trespassing on the property. (*Id*.) The citing officer told Plaintiff to leave the property and directed her to the "Sam Jones Shelter." (Dkt. No. 1-1 ¶ 8.) This shelter has multiple known COVID-19 cases. (*Id*.) Plaintiff is particularly susceptible to COVID-19 due to prior illnesses, including chronic bronchitis and necrotizing fasciitis. (*Id*. ¶¶ 3-4.)

Plaintiff alleges various constitutional violations, including violations of the Fourth Amendment, Eighth Amendment, and Fourteenth Amendment, related to this citation. (Dkt. 1-1 at 5.) Plaintiff also seeks a temporary restraining order, enjoining Defendants from assaulting or arresting her, or destroying her survival gear. (*Id.* at 6; Dkt. No. 3.)

**DISCUSSION**

The Court must dismiss any case in which a party is proceeding *in forma pauperis* if the Court finds that the case: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C. §1915(e)(2) mirrors that of Rule 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-cv03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015). "While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint that fails to state a defendant's specific acts "that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a)." *Medina Chiprez v. Becerra*, No. 20-CV00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

When a plaintiff files a complaint without representation by a lawyer, the Court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (cleaned up).

//

2

### I. Plaintiff's Complaint Fails to State a Claim

Plaintiff states that Defendants violated her "1st, 4th, 5th, 9th, 8th, and 14th amendment rights under 42 U.S.C. § 1983 by displacing [her] of [her] home." (Dkt. No. 1 at 5.) "Section 1983 provides a cause of action for 'the deprivation of any rights, privileges or immunities secured by the Constitution and laws' of the United States." *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498 (1990) (quoting 42 U.S.C. § 1983). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (cleaned up). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges that two actions violated her rights. First, the City of Santa Rosa took her car and trailer. Second, she received a citation for trespassing at 2384 Old Stony Point Road.

Regarding her vehicles, Plaintiff's complaint fails to state a claim upon which relief can be granted. The complaint does not provide any specific details regarding who took her vehicles, when they taken, or why she believes they were seized unlawfully. The complaint must set forth specific factual allegations that, if assumed true, would allow the Court to draw the reasonable inference that each Defendant is liable for the misconduct alleged.

Likewise, Plaintiff's complaint fails to state a claim regarding the citation. In her application for a temporary restraining order, Plaintiff relies on *Martin v. City of Boise* to argue that the citation against her violates the Eighth Amendment. 920 F.3d 584, 617 (9th Cir. 2019). There, the Court of Appeals found that "the Eighth Amendment prohibits the imposition of criminal penalties for sitting, sleeping, or lying outside on public property for homeless individuals who cannot obtain shelter." *Id.* *Martin*, however, does not support Plaintiff's case. *Martin* applied to anti-camping ordinances on public land. The dispute at issue here concerns a trespass citation due to Plaintiff's presence on private land. Thus, *Martin* does not apply. As a result, Plaintiff has not stated a claim for the violation of her Eighth Amendment rights.

//

## II.  Plaintiff's Application for a Temporary Restraining Order is Denied

Because the Court has dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim, the Court also denies Plaintiff's application for a temporary restraining order.  (Dkt. No. 3.) At this stage in the proceedings, Plaintiff has not shown a likelihood that she will succeed on the merits. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## CONCLUSION

For the reasons explained above, Plaintiff's complaint is dismissed and Plaintiff's application for a temporary restraining order is denied.  If Plaintiff believes she may cure the deficiencies, or at least some of the deficiencies, she may file an amended complaint on or before **July 6, 2022**. The Court cannot refer to prior pleadings to make an amended complaint complete. Thus, Plaintiff's amended complaint must be complete in itself because it replaces the previously filed complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

The Court encourages Plaintiff to seek free assistance from the Northern District's Legal **Help Center**, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Plaintiff should make a telephone appointment by calling (415) 782-8982 or emailing fedpro@sfbar.org.

This Order disposes of Docket No. 3.

**IT IS SO ORDERED.**

Dated: June 6, 2022

JACQUELINE SCOTT CORLEY
United States District Judge